IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEDRICK MATTHEWS | § | |
| v. | § | CIVIL ACTION NO. 6:09cv552 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dedrick Matthews, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Matthews was convicted of the offense of failure to appear, receiving a sentence of 18 years in prison. He took a direct appeal, and the Court of Appeals affirmed his conviction, and Matthews did not seek discretionary review from this decision; he has also sought state habeas corpus relief on three separate occasions.

In his federal petition, Matthews complained about the validity of the complaint in the underlying charge for unlawful possession of a firearm (i.e. the one for which he was supposed to appear but did not), which he says renders the failure to appear charge void; ineffective assistance of counsel; and an erroneous factual finding by the trial court during the state habeas proceeding. The Magistrate Judge ordered the Respondent to answer the petition and granted Matthews an extension of time in which to respond, but no response was filed.

1

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that under Texas law, the essence of the charge of failure to appear is that failure itself, and whether or not the underlying charge is ever proven is irrelevant. The Magistrate Judge also stated that the indictment in the failure to appear case was sufficient, that Matthews failed to show that he received ineffective assistance of counsel, and that claims of errors in state habeas proceedings did not set out a proper basis for federal habeas corpus relief.

Matthews filed objections to the Magistrate Judge's Report on September 10, 2010. In his objections, he says first that he never received notice of the granting of his motion for extension of time, and so he was unaware that the motion had been granted. However, the answer was filed on April 27, 2010, and the Magistrate Judge's Report was not entered until August 25, 2010, giving Matthews ample time in which to respond to the answer.

Matthews next argues that the complaint in the unlawful possession of a firearm case did not name him as the accused, but someone else entirely, and so this was "an invalid charging instrument never invoking jurisdiction upon the trial court." He says that according to the Court of Appeals, if he had not been charged with the commission of an offense, the failure to appear charge could not stand, and since he was not properly charged with the commission of an offense, the failure to appear charge must be set aside.

The Court of Appeals held that in order to prove failure to appear, the State had to prove that Matthews had been lawfully in custody and was released from that custody, and that the offense for which he had been in custody was a felony. Matthews v. State, slip op. no. 06-08-0076-CR, 2008 WL 4949245 (Tex.App.-Texarkana, November 21, 2008) (no pet.). This is not the same thing as Matthews' claim that he was "not properly charged" with the commission of an offense; the question is whether he was lawfully in custody, not whether he was properly charged with the underlying offense. In Small v. State, 692 S.W.2d 536, 540 (Tex.App.-Dallas 1985, pet. ref'd), the appellate court said that the State need only allege and prove that *charges* for a felony offense *were*

2

*pending* against the defendant (italics in original). *See also* Mitchell v. State, slip op. no. 13-02-638-CR, 2004 WL 5434681 (Tex.App.- Corpus Christi, April 29, 2004, no pet.) (upholding conviction for failure to appear when the underlying charge was later dismissed). Matthews has offered nothing to show that he was not lawfully in custody on the underlying charge, and his objection on this point is without merit.

Second, Matthews says that the indictment for the failure to appear offense "specifically allege[s] absolutely NO constituent element of offense to establish an offense under art. 38.10(f), bail jumping and failure to appear." He says that "the constituent element of the offense" is completely omitted from the indictment, leaving the trial court without jurisdiction to hear the case. However, as the Magistrate Judge observed, Matthews fails to show what element is missing from the indictment. Matthews was charged by indictment with "after being lawfully released from custody on a pending felony charge on condition that he subsequently appear in court, [did] intentionally and knowingly fail to appear in accordance with the terms of his release." This indictment sets out all of the elements of the offense of failure to appear. Tex. Penal Code art. 38.10(a). Matthews' objection on this point is without merit.

Third, Matthews says that counsel should have known to object to the indictment, that counsel did not object to the trial court's allowing the jury to consider evidence of a crime not included in the indictment, and that appellate counsel failed to investigate the facts or the law. He offers no basis upon which trial counsel should have objected to the indictment, and as the Court of Appeals explained, evidence of the underlying crime of unlawful possession of a firearm was properly introduced at trial because it was necessary as part of the failure to appear prosecution to prove that he was lawfully in custody on a felony charge. Thus, even though trial counsel did not object to the introduction of this evidence, such introduction was not error, and Matthews' claim on ineffective assistance of counsel on this point is without merit.

Nor do Matthews' objections regarding the alleged ineffectiveness on the part of appellate counsel hold any merit. As the Magistrate Judge said, a claim of ineffective assistance of

3

counsel on appeal must "make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal." Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991). He has wholly failed to identify any issues of merit which counsel should have raised on appeal but did not. Matthews' objection on this point is without merit.

Finally, Matthews complains that the prosecutor falsified documents during the state habeas proceedings, including the state court's finding that the procedures at trial were proper. He says that had the prosecutor been truthful about the facts of the case, he would have received a favorable ruling in his state habeas proceeding. Matthews offers nothing to show that any documents were falsified, nor that but for this alleged falsification, he would have prevailed in the state habeas proceeding. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); see Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Matthews' contentions lack support in the record and thus cannot be considered to have probative value. In addition, as the Magistrate Judge observed, deficiencies in the state habeas proceeding do not set out valid grounds for federal habeas corpus relief. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). Matthews' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent, the state court records, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Dedrick Matthews is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of December, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**